UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARETH LORENZO PERRY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES BOP CASE MANAGER CERROTE,<br><br>　　　　Respondent. | No. 1:20-cv-01494-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[TWENTY-ONE DAY DEADLINE]** |

　　　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　　　On October 21, 2020, Petitioner filed a pleading entitled "Petition for 2241 and 1983 claim." (Doc. 1.)  The case was opened as a habeas case pursuant to 28 U.S.C. § 2241.  Petitioner raises a number of complaints concerning his detention and the conditions of confinement.  The Court finds that Petitioner fails to establish grounds for habeas corpus relief, and that the proper avenue for his civil rights complaints is a Bivens action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Accordingly, the Court will recommend the petition be dismissed, and that Petitioner be provided the proper forms for filing a Bivens action.

**DISCUSSION**

In this action, Petitioner raises numerous complaints concerning his detention: 1) He claims he was sexually assaulted by staff; 2) He claims staff members retaliated against him by placing him in the SHU for threatening staff; 3) He claims staff destroyed his paperwork and refused to properly process his administrative appeals concerning an incident in which he was attacked by another inmate; 4) He contends that staff are failing to comply with policy deadlines; and 5) He claims that prison officials have placed him in the wrong custody level.

Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971); Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of petition challenging conditions of confinement, the Ninth Circuit noted that "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement."); see, e.g., Blow v. Bureau of Prisons, 2007 WL 2403561 at *1 (E.D.Cal. Aug. 20, 2007) (habeas relief under § 2241 does not extend to petitioner's request for access to law library because it concerns conditions of his confinement); Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001), *vacated on other grounds by* Boyce v. Ashcroft, 268 F.3d 953 (10th Cir. 2001)("[P]risoners . . . who raise constitutional challenges to other prison decisions-including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g., conditions of confinement, must proceed under Section 1983 or Bivens."). Accordingly, Petitioner is not entitled to habeas corpus relief under § 2241 and this action should be dismissed without prejudice to his filing a Bivens civil rights action.

In Nettles v. Grounds, the Ninth Circuit held that a district court has the discretion to construe a habeas petition by a state prisoner as a civil rights action under § 1983. Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016). Recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition. Id. However, the Ninth Circuit

2

ruling in Nettles concerned state prisoners and was not extended to federal prisoners. But even assuming Nettles can be extended to federal prisoners, the Court does not find recharacterization to be appropriate because the instant petition is not amenable to conversion on its face. Accordingly, the Court should not exercise its discretion to recharacterize the action. The Court will recommend that the Clerk of Court provide blank forms for filing a Bivens action.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED, and the Clerk of Court be DIRECTED to provide Petitioner with blank forms for filing a Bivens action.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendations, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 16, 2020**          /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

3