1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GARETH LORENZO PERRY,                    No.   1:20-cv-01494-NONE-SKO (HC)

12              Petitioner,                   ORDER ADOPTING FINDINGS AND
                                              RECOMMENDATIONS TO DISMISS
13        v.                                  HABEAS PETITION

14   UNITED STATES BOP CASE                   (Doc. Nos. 1, 8)
     MANAGER CERROTE,
15
              Respondent.
16

17        Petitioner Gareth Lorenzo Perry is a state prisoner proceeding *in propria persona* with a

18   pleading styled as a "Petition for 2241 and 1983 claim." (Doc. No. 1 at 1.)  After screening

19   petitioner's pleading, the assigned magistrate judge found, based on petitioner's allegations, that

20   petitioner is *only* seeking civil rights relief concerning the conditions of his confinement and,

21   therefore, that federal habeas relief is not available to him with respect to those claims.  (Doc. No.

22   8 at 1–2.)  Accordingly, the magistrate judge recommended that the habeas petition pending

23   before this court be dismissed and the Clerk of Court be directed to provide petitioner a blank

24   civil rights form so he could file a separate *Bivens*[1] action instead.  (*Id.* at 3.)  On November 30,

25   2020, petitioner filed objections to the pending findings and recommendations.  (Doc. No. 9.)

26   /////

27   _____

28   [1]  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388
     (1971).

                                              1

1    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a

2    *de novo* review of the case.  In his objections, petitioner argues that he is seeking *not* only civil

3    rights reliefs concerning the conditions of his confinement, but also habeas relief concerning his

4    sentence.  (Doc. No. 9 at 1.)  Having reviewed his petition, the court notes that petitioner was

5    allegedly sentenced in both a state court in Alabama as well as a U.S. District Court and is

6    serving those sentences concurrently at the United States Penitentiary, Atwater.  (Doc. No. 1 at

7    4.)   It is unclear from petitioner's habeas petition and objections, however, whether he is seeking

8    to challenge either his state or federal sentence.  (Doc. Nos. 1, 9.)  Nonetheless, it appears

9    petitioner may be attempting to seek habeas relief on grounds that his sentence should have been

10   based a lower criminal history category and that his right against double jeopardy was violated,

11   though his reference to "custody points" is confusing.  (Doc. No. 1 at 1, 4.)

12   In any event, to the extent petitioner is seeking to challenge his *federal* conviction or

13   sentence under 28 U.S.C. § 2255, he must bring such petition before "the sentencing court rather

14   than the district where the prisoner is confined."  *Braden v. 30th Judicial Circuit Court of*

15   *Kentucky*, 410 U.S. 484, 497 (1973).  To the extent petitioner is seeking to challenge his *state*

16   conviction or sentence under 28 U.S.C. § 2254, he must first adjudicate his claims in state-court

17   proceedings through the highest state court, which petitioner has not alleged to have done.  *See*

18   *Harrington v. Richter*, 562 U.S. 86, 92 (2011).  And to the extent petitioner is seeking relief under

19   28 U.S.C. § 2241, his current habeas petition is improper because he is *not* seeking to "challenge

20   the manner, location, or conditions of a sentence's execution," nor is he claiming that "his remedy

21   under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  *Hernandez v.*

22   *Campbell*, 204 F.3d 861, 864–65 (9th Cir. 2000).  For these reasons, the recommendation to

23   dismiss petitioner's habeas petition is well founded.  As explained therein, the instant petition is

24   *not* amendable to conversion, so petitioner must file a new civil rights action or habeas petition in

25   the proper court by specifying which sentence or conviction (state or federal) he seeks to

26   challenge.  The court therefore concludes that the pending findings and recommendations are

27   supported by the record and proper analysis.

28   /////

The court must now turn to whether a certificate of appealability should be issued.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  Courts should issue a certificate of appealability only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further.  Therefore, the court declines to issue a certificate of appealability.

Accordingly, the court orders as follows:

1. The findings and recommendations, filed November 17, 2020 (Doc. No. 8), is ADOPTED in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED;

3. The court DECLINES to issue a certificate of appealability.

4. The Clerk of Court is DIRECTED to provide petitioner with blank forms for filing a *Bivens* action; and

5. The Clerk of Court is DIRECTED to assign a district judge to this case for the purpose of closing the case and then to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   **December 14, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

3